IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:19-MJ-1023-RJ-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER ON PROBABLE CAUSE |
| ) | AND DETENTION |
| ) | |
| GARY LYNN GATLIN, ) | |
| ) | |
| Defendant. ) | |

This matter came before the court for a preliminary hearing on charges contained in a criminal complaint against Defendant and for a hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain Defendant pending further proceedings. On February 11, 2019, the government charged Defendant with possession of a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). [DE-1].

At the hearing the government presented the testimony of Harnett County Sheriff's Deputy and ATF task force member Bradley Abate. Defendant, represented by counsel, presented the testimony of his son, Garrick Gatlin, and neighbor David Smalley, in support of release. The court has considered the hearing testimony, corroborative of the affidavit in support of the complaint, as well as the pretrial services report, which was prepared by the Office of Pretrial Services and made available to the parties in advance of the hearing. The court finds Deputy Abate's testimony to be credible and sufficient to establish probable cause to support the charges contained in the criminal complaint.

Having considered the record pursuant to 18 U.S.C. § 3142(g), the law requires that Defendant be detained pending further proceedings on the grounds that he represents a danger to the

community based on the following principal findings and reasons: (1) the nature of the offense charged and the strength of the government's case; (2) the circumstances surrounding Defendant's alleged encounter with law enforcement in this case which suggests Defendant's dangerous nature, specifically, Defendant's alleged discharge of a firearm at law enforcement officers before and after the officers identified themselves, (3) Defendant's criminal history including convictions of assault and committing offenses while on probation, and (4) other findings and reasons stated in open court.

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections facility must deliver Defendant to the United States Marshals for a court appearance.

So ordered, the 26th day of February 2019.

Robert B. Jones, Jr.
United States Magistrate Judge